(No. 78-CC-1120–)

GEORGE W. STACK, Claimant, *v.* THE STATE OF ILLINOIS and ILLINOIS DEPARTMENT OF CORRECTIONS, Respondents.

*Opinion filed August 4, 1980.*

GEORGE W. STACK, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel); for Respondents.

POCH, J.

This is a claim in which the Claimant alleges that the State of Illinois is liable for failure to provide Claimant with adequate medical care while Claimant was in the custody of the Illinois Department of Corrections.

Claimant alleges that on or about January 15, 1978, the metal straps or braces in a leg brace worn by Claimant were replaced with plastic straps of insufficient strength and number, so that the brace was of no use to the Claimant thereafter. Further, Claimant alleges that he has been refused proper medication and was prescribed "different kinds of medication", all of which was improper. Claimant also alleges that his eyes have never been examined since his arrival at the Vienna Correctional Center. Further, Claimant claims that he has been required to do light custodial work because of his demands for proper medication. Finally, Claimant alleges that he has been denied proper medical treatment for the reason that funds were not available from the early part of 1978 until July or August of 1978. Claimant prays for personal injury damages in the sum of $100,000.00.

Upon the trial of this cause, Claimant testified that

his complaint is essentially that a certain leg brace worn by him prior to this commitment to the Department of Corrections was altered or destroyed by agents of Respondent in the replacement of plastic parts for metal parts.

Claimant's testimony was somewhat difficult to understand. His basic complaints and the complaints of a witness produced by the Claimant were that inadequate medical treatment had been given to both the Claimant and to Claimant's witness, Robert Russell, at the Vandalia branch of the Illinois Correctional Department.

Claimant failed to offer any evidence of the breach of any standard of care that would be applicable either to Respondent or to physicians generally in the treatment of personal injuries. Claimant offered no evidence of the nature of injuries which he claims he sustained as a result of mistreatment at the hands of the Respondent or its agents. The record is absolutely barren of any information from which Claimant's claim could be sustained.

It is hereby ordered that the claim of Claimant be denied.